UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
UNITED STATES OF AMERICA

           -v-                                            13-CR-772 (JPO)

FRANCISCO ZOQUIER-SOLANO,                          ORDER
                                        Defendant.
---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      On June 9, 2020, Defendant Francisco Zoquier-Solano, proceeding *pro se*, filed a motion for release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), arguing that the risks created by the COVID-19 pandemic and by the conditions at FCI Fort Dix, where he is incarcerated, justify his immediate release. (Dkt. No. 38.) The Government filed an opposition to Defendant's motion on June 24, 2020. (Dkt. No. 40.) Pro bono counsel then appeared for Defendant and filed a reply in support of his motion on June 27, 2020. (Dkt. No. 44.) The Court has reviewed the parties' written submissions and is prepared to rule on the motion.

**I.    Legal Standard**

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). A district court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days

1


from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## II. Discussion

### A. Exhaustion of Administrative Remedies

The Court concludes that the exhaustion requirement is satisfied. Although Defendant apparently did not file a request for release with the warden before filing his motion with this Court, the record indicates that counsel for the Government provided a copy of Defendant's *pro se* motion to the warden by late June 2020. (*See* Dkt. No. 44-2 at 2.) Therefore, 30 days have lapsed "from the receipt of such a request [for release] by the warden of the defendant's facility."

### B. Extraordinary and Compelling Reasons

Turning to the merits of Defendant's motion, the Court finds that there are "extraordinary and compelling reasons" warranting a reduction in his sentence. The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The COVID-19 pandemic poses health challenges that are themselves extraordinary. The novel coronavirus has infiltrated many of the BOP's prisons and jails, affecting inmates and staff. "The nature of prisons — crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products — put those incarcerated

inside a facility with an outbreak at heightened risk." *United States v. Park*, No. 16-CR-473 2020 WL 1970603, *2 (S.D.N.Y. April 24, 2020).

Defendant is a 42-year-old man who suffers from a combination of medical conditions, including hypertension, hyperlipidemia, and borderline obesity, which place him at heightened health risk if he were to contract COVID-19. The Court finds that the COVID-19 pandemic, coupled with Defendant's physical and medical condition and the conditions at Defendant's prison facility, provide "extraordinary and compelling reasons" for reducing his sentence. Defendant is a nonviolent offender with an exemplary record during his incarceration, and the Court finds that he does not pose a danger to other persons or to the community.

### C.     Section 3553(a) Factors

The Court has also considered all of the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant is serving a 10-year mandatory minimum sentence for trafficking in cocaine. He has been incarcerated for that crime since May 2013. While his crime was serious, the Court concludes that the time he has now served—over seven years in prison—is sufficient to serve the purposes of sentencing in this case. Indeed, as noted at Defendant's sentencing hearing, the Court believed that the 10-year mandatory minimum sentence was greater than necessary to serve the statutory purposes of sentencing. (*See* Dkt. No. 26 at 10.) Absent that mandatory minimum, Defendant's Sentencing Guidelines range would have been 78 to 97 months' imprisonment. He has now served over 86 months in prison, including a period of particularly harsh conditions in Puerto Rico when Hurricane Maria struck. He has earned his GED while incarcerated and has been a model inmate. He is remorseful for his criminal conduct and the Court does not believe he is likely to reoffend. Given his good conduct in prison, he is

eligible for release to a halfway house in a matter of months, and his projected release date is in November 2021.

The Court concludes that Defendant's immediate release would not materially undermine the goals of respect for the law, just punishment, and general deterrence, particularly when balanced against the significant risk to Defendant if he were infected. Nor does the Court believe that the goals of specific deterrence and protecting the public require further imprisonment, as Defendant poses a low risk of recidivism or violence. In light of the totality of Defendant's health challenges, and the other considerations addressed here, the Court concludes that the pandemic creates a significant danger of the Court's previously imposed incarceratory sentence being "greater than necessary" to comply with the purposes of sentencing. After his release from imprisonment, Defendant will continue to be subject to all the conditions included in the previously imposed five-year term of supervised release. (*See* Dkt. No. 25.)

The Court concludes that a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing, 18 U.S.C. § 3553(a), is a sentence of time served, followed by the five-year term of supervised release that was imposed at sentencing.

### III. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is granted.

Defendant Francisco Zoquier-Solano is hereby resentenced to TIME SERVED, and he shall be released from the custody of the Bureau of Prisons immediately.

Upon release, Defendant shall immediately be placed on supervised release status, and he shall be subject to all the mandatory conditions, standard conditions, and special conditions of supervised release from the original judgment and sentence in this case.

The Clerk of Court is directed to terminate the motion at Docket Number 38.

SO ORDERED.

Dated: August 10, 2020
      New York, New York

                                                    J. PAUL OETKEN
                                               United States District Judge